Sneed, J.,
delivered the opinion of the court:
This was a petition filed in the chancery court at Fay-etteville against the defendants, as executors of the last will of Wm. L. Pamplin, deceased, upon the following facts:
The said testator, in his lifetime, had become the purchaser, at a judicial sale, of a tract of land. He executed his notes for the purchase money, with the petitioners as his securities on the notes, and a lien was retained, also, on the ]and, as additional security. The said testator died in 1865, having discharged one of the notes, and leaving the other unpaid, upon which judgment had been rendered. In 1814, petitioners paid the balance due, and on the 24th of April, 1874, they filed their original hill, reciting these facts, and praying, as such securities, to he substituted to the rights of the vendor of said land, and that the land he sold to reimburse them. In this proceeding, though the executors were made parties, they did not ash for any decree against them, hut only for the sale of the land.
At the October term, 1874, they had a decree in strict accordance with the purpose and prayer of this bill; the land was sold accordingly, the sale reported and confirmed, and the costs of the cause adjudged. The proceeds of said sale were not sufficient to discharge their debt, and on the 23d of March, 1876, they filed this petition, setting forth the foregoing facts, and praying that the said original cause should he reinstated on the docket, that they might have judgment against the defendants, as executors for said deficit. A motion was made by the defendants to dis *632 miss the petition, on the ground that the original cause had been finally disposed of, that it was off the docket, and that the court had no further jurisdiction of it.
This motion was disallowed, and a decree was rendered against the defendants for the amount, upon the assumed ground that the failure to- do so in the original cause was a mistake apparent on the face of the record. This decree was entered as a decree nunc pro tunc. The petitioners have appealed.
We must hold the proceeding irregular and erroneous. The scope and purpose of the original bill was to have the land sold, and the complainants substituted to the vendor’s rights, reimbursed out of the proceeds. The purpose of that litigation is expressed in the following extract from the bill: “Your complainants believe, and are so advised, that they have a right to come into this honorable court, and ask that said land be sold for the payment of the purchase money, and that the proceeds arising from the sale of said land be applied to their reimbursement.”
The prayer is for the sale, according to the case made in the bill, and for general relief. It is true, perhaps, that the prayer for general relief would, in (.hat proceeding, according to our practice, sanction the relief prayed and granted, under this petition, against the executors. As we understand it, the prayer for general relief has the virtue to justify such relief as is consistent with the scope and object of the bill. If the equities stated in the bill, and its paramount object, be to effect a particular thing, the complainant can have no aid from a prayer for general relief to effect another and a totally different thing not contemplated in the bill. It is only where the equities of the bill plainly authorize other relief than such as is specifically prayed, that the prayer for general relief is efficacious and availing. In the original bill both the executors and the heirs were made parties, a debt against the estate v'as alleged, and under the general prayer a decree *633 might bave been bad against tbe executors for tbe debt, although no such relief was specifically asked. But tbe relief granted responded directly and specifically to tbe relief demanded by tbe special prayer, and, certainly, to tbe court that granted it, no such mistake or inadvertence could be imputed, as tbe statutes authorize tbe court to correct afterwards, as a mistake apparent on tbe face of tbe record. In such a case tbe mistake must be plainly apparent; there it certainly was not, for no judgment against tbe executors was prayed for. Tbe first litigation bad performed its ofíice, and was no longer vital for any purpose whatever. Tbe court bad lost its jurisdiction of that cause, and could not reinstate it for any purpose, and more especially for tbe purposes contemplated by,this petition, which are, in no manner, embraced within tbe scope and specific object of tbe original bill.
Wardlow v. Steele, 7 Cold., 573; Franklin v. Franklin, 2 Swan, 521.
We bold that tbe decree was erroneous. Let it be reversed, and tbe petition dismissed.